[Civ. No. 18106.    First Dist., Div. One.    Dec. 17, 1959.]

LOIS M. KERWIN et al., Appellants, v. COUNTY OF SAN MATEO et al., Defendants; JEFFERSON ELEMENTARY SCHOOL DISTRICT, Respondent.

Lewis & Stein and Lewis, Field, DeGoff & Stein for Appellants.

Ropers, Majeski & Kane for Respondent.

BRAY, P. J.—Plaintiffs appeal from a judgment in favor of Jefferson Elementary School District (hereinafter referred to as defendant) entered after order sustaining demurrer to first amended complaint without leave to amend.

Did defendant owe any duty to plaintiff minor to protect him on his way home from his brother's school?

RECORD

The complaint alleged:

Plaintiff, 11-year-old Richard Courtney, and his brother, 6-year-old Thomas, were pupils of defendant school district. Thomas attended Garden Village School and Richard attended Benjamin Franklin School. On May 14, 1956, Thomas became ill while in attendance at the Garden Village School. The school authorities called Thomas' home and directed Richard, who was at home alone and absent from school because of illness, to come to the Garden Village School and take Thomas home. Richard then proceeded to the school on a bicycle built for one rider. The complaint then alleged: "When said plaintiff complied with defendants' directions and instructions, as aforesaid, he became, was and continued under their control, care, management and supervision. At said time and place, defendants negligently and carelessly supervised, controlled, managed and cared for said plaintiff and his said brother Thomas and negligently and carelessly undertook to provide transportation for said plaintiff and his said brother to their home, in that defendants, well knowing that said plaintiff and his said brother both were students and pupils of defendant school district and subject to the control, care, management, rules, instructions and supervision of defendants, failed and neglected to investigate, inspect and ascertain the mode and means of transportation to be used by said minors, and the safety and adequacy thereof, and negligently and carelessly failed and omitted to arrange for and provide a safe and adequate mode and means of transportation for said minors, and negligently and carelessly ordered, directed and instructed said plaintiff then and there to transport his said brother and himself from said school toward their said home on means of transportation to be selected by said plaintiff, and negligently and carelessly permitted both of said minors to ride from said school toward their said home on a bicycle built for one rider. Pursuant to the directions and instructions of defendants, as aforesaid, said plaintiff did endeavor to so transport his said brother and himself upon said bicycle and from said school. Said bicycle was an inadequate unsafe and dangerous mode and means of transporting both of said minors, and defendants knew or should have known it was so inadequate, unsafe and dangerous." As

a direct and proximate cause of defendants' negligence and the unsafe character of the bicycle, on the way home the bicycle tipped over, resulting in injuries to Richard.

## WAS THERE A DUTY?

Plaintiffs' first contention is that defendant owed a duty to exercise reasonable care for the protection of plaintiff minor on his way home, (a) because of the school district-pupil relationship and (b) by affirmatively placing plaintiff minor in a position of danger.

(a) The Relationship.

Plaintiff, the boy who was hurt, did not go to the school as a pupil. He went there at defendant's request to take his brother home. Both boys were ill* but the illness of neither caused the accident, nor did it make it dangerous for them to go home without an adult. Nor were they unable to walk home. It is not alleged that defendant knew that the boys were riding on one bicycle. In fact, it is alleged that defendant directed plaintiff to transport his brother "on means of transportation to be selected by said plaintiff."

██ A school district is under no duty to supervise, or provide for the protection of its pupils, on their way home, unless it has undertaken to provide transportation for them, which defendant did not do. (See *Girard* v. *Monrovia City School Dist.* (1953), 121 Cal.App.2d 737 [264 P.2d 115].) So, even if plaintiff had been a pupil at this particular school, defendant violated no duty as to him.

*Hanson* v. *Reedley etc. School Dist.* (1941), 43 Cal.App.2d 643 [111 P.2d 415], is not in point. There the teacher arranged with another student whom she knew to have a defective car and a tendency to drive recklessly, to take home certain students in the latter's automobile, agreeing to give him gasoline for the purpose. Due in large part to the condition of the car and the faulty driving of the driver, an accident occurred in which one student was killed and another injured. In holding the district liable the court pointed out that the teacher undertook to provide transportation for the students and failed to provide reasonably safe transportation —a much different situation from that here. The district here did not undertake to provide transportation for plaintiff or his brother, and while there is a catch-all allegation that the district "knew or should have known it [the bicycle]

---

*It does not appear whether the defendant district knew that plaintiff was ill.

was . . . [an] inadequate, unsafe and dangerous'' mode of transportation, there is no allegation that the district knew that plaintiff was going to take his brother home on a bicycle. Moreover, a reading of the entire complaint and plaintiffs' brief demonstrates that the complaint is based not upon any knowledge by the district of the fact that plaintiff was going to use a bicycle, but upon the theory that the district had a duty to either provide transportation for plaintiff and the younger boy or to determine the manner in which plaintiff was going to transport him. No such duty existed. (It must be remembered that we are dealing with an injury to the 11-year-old boy, and not one to the 6-year-old boy.) ■■■ As there was no duty to provide transportation, as the district did not undertake to provide transportation, and as there is no claim that the boys were unable to walk home, defendant was under no duty to ascertain the manner in which the boys were going home.

Nor is *Satariano* v. *Sleight* (1942), 54 Cal.App.2d 278 [129 P.2d 35], applicable here. There in passing from the gymnasium to the athletic field a student was injured while crossing a public street. In setting aside a nonsuit the court held that it was a question of fact whether ordinary care for the student's protection did not require the school authorities who had knowledge of the dangerous practice of the students in crossing the street outside of a crosswalk, to do something more than to give sporadic warnings to individuals and groups. In our case the accident did not occur on or near the school grounds, nor is there any claim of dangerous knowledge by defendant.

Plaintiff cites two New Mexico decisions. *McMullen* v. *Ursuline Order of Sisters* (1952), 56 N.M. 570 [246 P.2d 1052], held that where the plaintiff student was injured while digging shale at a mine as a part of a school activity, a jury could reasonably infer that the school was negligent in not supervising the activity. In *Thompson* v. *Anderman* (1955), 59 N.M. 400 [285 P.2d 507], judgment for the minor plaintiff was affirmed where the defendant bus driver was found negligent in allowing the plaintiff to get off a school bus at other than a regular stopping place. Obviously there is no similarity between those cases and ours.

■■■ (b) Did defendant place the minor plaintiff in a position of danger?

Plaintiff cites no authorities which would warrant such a finding under the allegations of the complaint. Defendant

merely directed plaintiff to take his sick brother home. As pointed out before, there was nothing in the situation which would impose a duty to supervise, transport, or protect plaintiff on his way home. Nothing is alleged to indicate that there is any lack of ordinary care in a school sending a 6-year-old boy home with an 11-year-old one.

No reason is alleged why an 11-year-old boy could not safely return home. Thousands of 11-year-old schoolboys, as well as those of much younger years, travel to and from school daily without school supervision. Defendant had the right to assume unless something occurred to put it on notice to the contrary, that the two boys would walk home. Nothing is alleged to cause defendant to believe otherwise, or that an 11-year-old boy would not substantially appreciate the dangers to be encountered on the streets.

█ Section 13229, Education Code, provides: "Every teacher in the public schools shall hold pupils to a strict account for their conduct *on the way to and from school*, on the playgrounds, or during recess." (Emphasis added.) Plaintiff seems to confuse the italicized portion, which is the pupil's duty, with the duty of a teacher. Obviously this section does not impose a duty on the teacher or the district to supervise the pupils on their way home. The section refers to the behavior of school children and not to their safe conduct to and from school.

No contention is made that pertinent additional facts could be alleged. The court properly sustained the demurrer without leave to amend.

The judgment is affirmed.

Tobriner, J., and Duniway, J., concurred.

A petition for a rehearing was denied January 8, 1960. Tobriner, J., was of the opinion that the petition should be granted. Appellants' petition for a hearing by the Supreme Court was denied February 10, 1960.