[Civ. No. 66017. Second Dist., Div. Six. May 17, 1983.]

REGINA PERNA et al., Minors, etc., Plaintiffs and Appellants, v.
CONEJO VALLEY UNIFIED SCHOOL DISTRICT,
Defendant and Respondent.

COUNSEL

David R. Glickman and Steven C. Glickman for Plaintiffs and Appellants.

Errol Berk, Kevin H. Park and Frederick Carl Bystrom for Defendant and Respondent.

OPINION

**GILBERT, J.**—Plaintiff minors, Regina and Royce Perna, brought this action for negligence against the Conejo Valley Unified School District through their guardian ad litem, Judy Perna.

We are asked to decide whether a school district may be held liable for injuries suffered by a student off school premises and after school hours when those injuries are the result of the school's negligence while the student was on school premises. We hold that in such circumstances the school district may be held liable.

## Facts

On October 9, 1979, Royce, age 12, was a student at Sequoia Intermediate School in Thousand Oaks. Her sister Regina, age 14, was a student at Newberry Park High School also in Thousand Oaks. The sisters customarily walked home from school together. At the end of the school day on Tuesday, October 9, 1979, Royce's teacher asked her to stay after school and help grade papers. Regina waited for her sister and when the grading was completed at approximately 3 p.m. the girls left school and started home. Their route required them to cross the intersection of Borchard Road and Silas Avenue in Thousand Oaks.

The City of Thousand Oaks employs a school crossing guard at that location from 11:15 a.m. until 2:45 p.m. on Tuesdays. The school crossing guard was no longer on duty when Regina and Royce crossed in the crosswalk of the intersection at approximately 3:15 p.m. They were struck by a vehicle and sustained injuries which gave rise to this action for negligence against the driver of the vehicle, the City of Thousand Oaks, and the Conejo Valley Unified School District.

Plaintiffs' third amended complaint states a cause of action against the Conejo Valley Unified School District for negligence. It is alleged that the school crossing guard stays at the intersection where plaintiffs were injured until 3:30 p.m. on all days other than Tuesdays when the guard leaves at 2:45 p.m. It is also alleged that Royce's seventh period class lets out at 2:15 p.m. and Royce's teacher, an employee of the school district, asked plaintiff to stay after school to help grade papers until approximately 3 p.m. It is further alleged that the teacher knew, or in the exercise of reasonable care should have known, that the school crossing guard would be gone from the intersection where plaintiffs would cross on their way home.

The trial court sustained the school district's demurrer to the third amended complaint without leave to amend. Plaintiffs appeal this ruling. For the reasons stated we hold that the third amended complaint states a cause of action against the school district.

## Discussion

It is true that school districts are not legally responsible for accidents that students may suffer once they have been released from school or before they arrive at school. (*Kerwin* v. *County of San Mateo* (1959) 176 Cal.App.2d 304 [1 Cal.Rptr. 437].) Further, Education Code section 44808 provides in part that "[n]otwithstanding any other provision of this code, no school district, city or county board of education, county superintendent of schools, or any officer or employee of such district or board shall be responsible or in any way liable for the conduct or safety of any pupil of the public schools at any time when such pupil is not on school property . . . ."

The school district thus contends that no cause of action can be stated against the school district. It also argues that while liability may attach in cases when the accident occurs on school property and during school hours, or when a student is injured off school property but during school hours, it should not attach in this case where the student was not on school property and was injured during hours when school was not in session.

Plaintiffs' cause of action, however, is directed at the school district's conduct while plaintiffs were still on the school premises. Negligence is ascribed to the school district as a result of the conduct of the teacher in keeping the students after school.

Case law in California has established that school districts have a duty to exercise ordinary care in supervising students on the school premises. If a school district should be negligent in this regard they are liable for injuries proximately caused by their negligence.

In *Hoyem* v. *Manhattan Beach City Sch. Dist.* (1978) 22 Cal.3d 508 [150 Cal.Rptr. 1, 585 P.2d 851], the court held that a school district has a duty to exercise reasonable care in supervising its students during school hours. In *Hoyem* it was alleged that plaintiff, a 10-year-old boy, left school before the end of classes, that he was injured by a motorcycle at a public intersection, and that lack of supervision by the school district was a proximate cause of his injuries even though the accident occurred off the school premises. The school districts in both *Hoyem* and the instant case place the same emphasis on the situs of the injury as controlling. The court in *Hoyem* pointed out that when a school district fails to properly supervise a student on school premises, the district cannot automatically escape liability simply because the injury occurred off the school property.

In *Calandri* v. *Ione Unified School District* (1963) 219 Cal.App.2d 542 [33 Cal.Rptr. 333], a student was injured in his home by a toy cannon he had built as a school project during his shop period. It was alleged that the failure of the teacher during the school period to warn the student of the dangers involved in loading the cannon was a proximate cause of the injury which occurred later off the school premises. The appellate court held that issues relating to defendant's negligence and proximate cause were questions of fact for the jury.

The school district in *Hoyem* and the school district here rely heavily on *Kerwin* v. *County of San Mateo, supra,* 176 Cal.App.2d 304. In that case, the appellate court held that a school district was under no duty to supervise or provide for the protection of its pupils on their way home. In *Kerwin,* however, the complaint alleged that school officials merely sent a sick six-year-old boy home with his eleven-year-old brother during school hours. The court noted that

nothing was alleged to indicate a lack of ordinary care by the school district in sending the boys home in this manner. Therefore, the school was held not to be liable for injuries sustained by the boys in an accident on the way home.

In *Hoyem* v. *Manhattan Beach City Sch. Dist.*, *supra*, 22 Cal.3d 508, the court pointed out that the language in *Kerwin* meant only that a school district is not legally responsible for accidents en route once pupils have been released from school or before they arrive at school. The court stated that Education Code section 44808, which merely borrowed the language from *Kerwin*, was "apparently intended to limit a district's liability under similar circumstances." (22 Cal.3d at p. 518.) The *Hoyem* court further pointed out that section 44808 did not give school districts blanket immunity from liability for acci-' dents which occur off the school premises. The section itself establishes responsibility for the school district when it "has failed to exercise reasonable care under the circumstances."

In *Kerwin*, no reason was alleged why the children could not proceed home safely when released from school. Nothing in that situation imposed a duty on the district to supervise, transport, or protect the children on their way home. In the instant case, the plaintiffs were kept late so that they were forced to cross an intersection at a time when the crossing guard was not there. It is alleged that the very act of keeping children after school contributed as a proximate cause of their injury. Had they been allowed to leave school on time, presumably they would have crossed at the intersection when the crossing guard was present to provide a greater margin of safety.

As the court pointed out in *Hoyem*, proximate cause is a question of fact for the jury. On the basis of the allegations in plaintiffs' complaint, a jury could find that negligent supervision by the school district on the school grounds could have proximately caused plaintiffs' off campus injury.

If plaintiffs' injuries had occurred as a result of being kept after school for several hours so that they had to walk home in the dark, there would be no question that the conduct of the school in keeping them late would constitute negligence. The facts here may not state as strong a case for negligence, but that is a question for the jury to decide. Our decision does not rest on an alleged failure to supervise plaintiffs when they were off the school's premises. Further, it does not, as the school district suggests, require them to provide school crossing protection. As in *Hoyem*, our decision is premised only on the district's alleged failure to exercise due care in supervising the plaintiffs *on school premises*. The third amended complaint thus states a cause of action against defendant school district.

The judgment is reversed.

Stone, P. J., and Abbe, J., concurred.

A petition for a rehearing was denied June 15, 1983, and respondent's petition for a hearing by the Supreme Court was denied July 13, 1983.