**BAZAK INTERNATIONAL CORP., Plaintiff,**

v.

**WILLIAM WEDEEN & CO. INC., Defendant.**

**No. 80 CIV 0717 (LBS).**

United States District Court, S. D. New York.

Sept. 8, 1980.

Kimmel & Levy, Jeffrey N. Levy, New York City, for plaintiff.

Putterman & Putterman, Arnold L. Putterman, New York City, for defendant.

## OPINION

SAND, District Judge.

In this diversity action for goods sold and delivered, defendant moves to dismiss on the grounds that diversity is lacking because plaintiff, a Florida corporation, was dissolved on December 5, 1978 by the Secretary of State of Florida for failure to file its 1978 annual return. Plaintiff concedes the 1978 dissolution but contends that, pursuant to section 607.297 of the Florida General Corporation Act, Fla.Stat.Ann. § 607.-297 (West), it may commence an action at any time within three years after the date of dissolution. Defendant responds by asserting that Section 607.297 has reference only to "any right or claim existing . . prior to such dissolution". *Id.* Defendant alleges that the plaintiff corporation purchased the merchandise in question in or about May, 1979, and sold it to defendant on June 6, 1979, both events occurring after dissolution. The Florida statute, designed to permit an orderly winding up of the affairs of a dissolved corporation, has no relevance, defendant urges, to a transaction initiated after dissolution.

Section 607.297 of the Florida General Corporation Act provides in relevant part:

"The dissolution of a corporation . .

(1) By the issuance of a certificate of dissolution by the Department of State

. . .

shall not take away or impair any remedy available to or against such corporation, or its directors, officers, or shareholders for any right or claim existing, or any liability incurred, *prior to such dissolution* if action or other proceeding thereon is commenced within 3 years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name." *Id.* (Emphasis added).

Defendant relies on the italicized phrase. However, Section 607.297 merely negates a cessation of certain rights if action is commenced within three years. This section does not deal with the powers of the directors as trustees during the three year period following dissolution. That is the function of Section 607.301 of the Florida General Corporation Act which provides, in pertinent part, that during such time "the trustees for a dissolved corporation shall have the power to convey any property or interest therein remaining in the corporation after dissolution *or acquired by it thereafter*". *Id.* § 607.301(2) (emphasis added).

Absent a clear ruling by the Florida courts to the contrary, and none has been called to our attention, we read the Florida statutes as providing a three year period for the orderly liquidation of the dissolved corporation. During this three year period, the dissolved corporation is empowered to convey property remaining in the corporation or acquired by it after dissolution and to commence or defend actions relating to

such conveyances. *See, id.,* §§ 607.297, 607.-301. An orderly liquidation of a going concern may require acquiring additional inventory and entering into new transactions, while gradually winding down the company's activities. The abrupt cessation of all business and sell—off of assets may be the antithesis of an orderly liquidation, which the Florida statutes appear designed to permit.

The motion to dismiss is denied.

SO ORDERED.