Delton DELATTE, et al.

v.

ZURICH INSURANCE COMPANY, et al.

Lucille Savoy Mayers BECNEL, et al.

v.

ZURICH INSURANCE COMPANY, et al.

James Herbert STONE, et al.

v.

Jack GUIDRY, et al.

Civ. A. Nos. 87–452–A, 87–509–A and 87–510–A.

United States District Court, M.D. Louisiana.

April 12, 1988.

Victor L. Marcello, Talbot, Sotile, Carmouche, Marchand & Marcello, Donaldsonville, La., for plaintiffs in 87–452.

Gordon R. Crawford, Gonzales, La., for plaintiffs in 87–509.

Steve W. Marks, Baton Rouge, La., for plaintiffs in 87–510.

Myron A. Walker, Jr., Daniel A. Reed, Seale, Smith, & Phelps, Baton Rouge, La., for defendants.

JOHN V. PARKER, Chief Judge.

This matter is before the court on plaintiff's motion to remand filed only in CA No. 87–452–A and defendant's motion to amend the removal petitions in all three of these consolidated actions. Both motions are opposed. Oral argument was heard on April 1, 1988, and the matter was taken under submission.

Prior to removal, these personal injury actions were consolidated in the Twenty-first Judicial District Court for the Parish of Livingston, Louisiana, since they arise

out of the same boating accident which occurred on May 29, 1983, on the Amite River when two pleasure boats collided resulting in the death of three of the passengers and severe injuries to the other occupants. On June 8, 1987, defendant Wood Manufacturing (the manufacturer of the "Guidry boat") separately removed these actions. On November 3, 1987, the clerk's office notified counsel of record that these actions would be consolidated since they had been consolidated at the time of removal.

According to the removal petitions, these actions were not removable when filed in state court because claims were made against numerous nondiverse (as well as diverse) defendants. Wood Manufacturing alleges, however, that these actions became removable due to plaintiff's settling with all parties in July of 1986 except for Cooper Marine (alleged to be a dissolved Louisiana corporation) and defendant Wood Manufacturing. Defendant alleges that these actions became removable on the basis of diversity of citizenship between plaintiffs (allegedly Louisiana citizens) and Wood Manufacturing (allegedly an Arkansas corporation with its principal place of business there) due to the 1986 settlements and the severance of the claims against Cooper Marine on June 8, 1987. Defendant alleges that the removal petitions were timely filed since it first ascertained that the cases were removable upon receipt of the severance order on June 8, 1987.

In support of their motion to remand, the Delattes argue that, despite the severance ordered by the state court, their claims against Cooper Marine and defendant are not "separate and independent" claims within the meaning of the removal statutes. 28 U.S.C. § 1441(c). Plaintiffs further argue that if the fact that Cooper Marine was a dissolved corporation on the date it was sued provides any basis for removal, then the removal petition was filed untimely, as it should have been removed after the settlements.

In response to the motion to remand, defendant seeks permission to amend the removal petitions in all three cases.[1] The amended petitions would further allege that plaintiff's counsel "acknowledged to counsel for Wood Manufacturing" on June 8, 1987, that they were aware that Cooper Marine was a dissolved corporation and plaintiff "had no real possibility or intent of recovery from Cooper Marine" and that it was retained in the action to prevent removal thereby constituting "impermissible joinder."

In its memorandum and at oral argument, counsel for defendant grounded removal on a mixture of fraudulent joinder and voluntary abandonment theories. On one hand, defendant contends that plaintiffs abandoned their claims against Cooper Marine on the morning of June 8, 1987, the same day that defendant removed the case. On the other hand, defendant argues that the claims against Cooper Marine were fraudulently joined because such claims were preempted under La.R.S. 12:147, 148.

In an attempt to show a voluntary abandonment, defendant contends that plaintiff's attorney "candidly and honestly acknowledged that the plaintiffs had no real intent or hope of recovery of anything from Cooper Marine Service, Inc. since it was in fact a dissolved corporation." In order to constitute a voluntary abandonment, however, there must be a definite or unequivocal expression of intent to discontinue the action against the nondiverse party. *Erdey v. American Honda Co., Inc.,* 96 FRD 593, 599 (M.D.La.1983), modified on other grounds 558 F.Supp. 105 (M.D.La. 1983). See also *DiNatale v. Subaru of America,* 624 F.Supp. 340 (E.D.Mich.1985).

---

1. After the 30–day period for seeking removal has run, a removal petition may be amended only to set out more specifically grounds for removal that already have been stated, albeit imperfectly, in the original petition; new grounds may not be added and missing allegations may not be furnished. Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3733. The court has some doubt as to whether defendant is seeking to cure defective allegations or raise new grounds for removal. However, the court need not reach that issue as the proposed amendments would not provide a valid basis for jurisdiction on removal.

In the court's opinion, even if such a statement was made by counsel for plaintiff, this was not a definite or unequivocal expression of abandonment as plaintiff's counsel may well have merely been conceding the practical effect of a judgment against a dissolved corporation.

Defendant further argues that plaintiffs abandoned their claims against Cooper Marine by failing to apply for writs of review to the state appellate court. The court fails to find any voluntary abandonment due to counsel's acquiescence in the trial court's ruling.

 The court further finds no merit in defendant's fraudulent joinder argument. To establish "fraudulent joinder" the removing party must show that there is no possibility that the plaintiff would be able to establish a cause of action against the nondiverse defendant or that there has been outright fraud in plaintiff's pleading of the jurisdictional facts. *B., Inc. v. Miller Brewing*, 663 F.2d 545 (5th Cir.1981). Clearly, plaintiffs stated a cause of action against Cooper Marine as the seller of one of the boats which was allegedly sold with a 115 horsepower engine when the maximum horsepower rating using the Coast Guard formula was 85 horsepower. The peremption defense is not apparent on the face of plaintiff's pleadings.

 Moreover, removal on the basis of fraudulent joinder was clearly untimely. As pointed out by plaintiffs, the case should have been removed on this theory within 30 days of the July 1986 settlements. Although the 30 day time limitation is not jurisdictional, plaintiffs have not waived the right to assert timeliness herein. Consequently, removal on this basis would be improvident within the meaning of 28 U.S.C. § 1447(c). *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir.1986).

Accordingly, plaintiff's motion to remand is hereby GRANTED and pursuant to plaintiffs' request, defendant is ordered to pay costs of removal in accordance with 28 U.S.C. § 1447(c). Since the motion to remand was filed only in CA No. 87–452–A,

the other two actions will not be remanded at this time.