**ILLINOIS CENTRAL GULF RAILROAD COMPANY, Plaintiff,**

v.

**ARBOX THREE CORPORATION, Defendant.**

No. 87 C 9165.

United States District Court, N.D. Illinois, E.D.

Sept. 30, 1988.

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

On October 27, 1987, Plaintiff, Illinois Central Gulf Railroad Company, brought this diversity suit against Defendant, Arbox Three Corporation. On September 22, 1988, this court advised the parties that it appeared that diversity might not exist in this case and, by minute order on that date, set a briefing schedule to enable the parties to address this point. Because both Plaintiff and Defendant are citizens of Delaware, we find that diversity does not exist in this case and dismiss this case under Fed.R.Civ.P. 12(b)(1).

## PROCEDURAL HISTORY

Plaintiffs filed this diversity case on October 27, 1987. Plaintiff's complaint states that it is a Delaware corporation with its principal place of business in Chicago, Illinois. Plaintiff's Complaint, ¶ 2. In its answer, Arbox states that its principal place of business is Augusta, Maine, but denies that it is a Maine corporation. Arbox states further that it was a Delaware corporation suspended from doing business in Delaware at the time the complaint was filed. Answer, ¶ 3. In its Motion to Dismiss (filed December 15, 1987), Arbox continued to assert that it is a Delaware corporation. The Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (filed December 15, 1987) asserts that on the commencement of the suit (i.e., filing of the complaint) Arbox was not a citizen of the State of Delaware. This assertion is based on the affidavit of Mary L. Massee, a legal assistant for Plaintiff's law firm attached to Plaintiff's Memorandum. Ms.

Massee stated that she had called the Secretary of State of Delaware and was informed that Arbox was incorporated under Delaware law on June 18, 1979, but that it was voided on March 1, 1987, for failure to pay franchise taxes for two consecutive years. A minute order dated December 21, 1987, asserts that on oral motion of the Defendant the Defendant's Motion to Dismiss was withdrawn.

## DISCUSSION

As a federal court of limited jurisdiction, we are obligated to raise the issue of lack of subject matter jurisdiction. *Argento v. Village of Melrose Park*, 838 F.2d 1483, 1487 (7th Cir.1988). This principle is so fundamental, that even an appellate court must dismiss if subject matter jurisdiction does not exist. *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir.1986).

The critical time for determining whether complete diversity exists is at the commencement of the suit, i.e., October 22, 1987, the date the complaint was filed in this case. *See Hoefferle Truck Sales, Inc. v. Divco–Wayne Corp.*, 523 F.2d 543 (7th Cir.1975) and *Benskin v. Addison Township*, 635 F.Supp. 1014, 1016 (N.D.Ill.1986). On March 1, 1987, Defendant's Delaware charter had been repealed for failure to pay its franchise taxes. This status had not changed on the date the complaint was filed. At issue is whether the voiding of Defendant's Delaware charter meant that it was no longer a Delaware citizen for diversity purposes.

In determining the effect of a corporation's dissolution, we must look to the law of the state where the dissolved corporation was previously incorporated, Delaware in this case. *See Oklahoma Natural Gas Co. v. Oklahoma*, 273 U.S. 257, 260, 47 S.Ct. 391, 392, 71 L.Ed. 634 (1927); *United States v. McDonald & Eide, Inc.*, 670 F.Supp. 1226, 1229 (D.Del.1987). Section 278 of the Delaware Corporation Law states that:

All corporations, whether they expire by their own limitation or are otherwise dissolved shall nevertheless be continued for the term of 3 years from such expiration or dissolution or for such longer period as the Court of Chancery shall in its discretion direct, *bodies corporate* for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, to discharge their liabilities and to distribute to their stockholders any remaining assets, *but not for the purpose of continuing the business for which the corporation was organized.* With respect to any action, suit or proceeding begun by or against the corporation either prior to or within 3 years after the date of its expiration or dissolution, the corporation shall, for the purpose of such actions, suits or proceedings, be continued *bodies corporate* beyond the 3–year period and until any judgments, orders or decrees therein shall be fully executed, without the necessity for any special direction to that effect by the Court of Chancery.

8 Del.C. 1953, § 278; 56 Del.Laws, c. 50.) The term "otherwise dissolved" in Section 278 has been held to apply to a dissolution for nonpayment of franchise taxes. *U.S. v. McDonald & Eide, Inc.*, 670 F.Supp. 1226, 1230 (D.Del.1987). Thus, a Delaware corporation dissolved for nonpayment of state franchise taxes falls within the purview of Section 278 and continues to exist as a body corporate for the purposes stated therein. *United Automatic Rifles Corporation v. Johnson*, 41 F.Supp. 86, 87 (D.Mass.1941); and *Frederic G. Krapf & Son, Inc. v. Gorson*, 243 A.2d 713, 715 (Del.Supr.1968).

It seems clear from the statutory language in Section 278, that Arbox continued to be a body corporate of Delaware in the proceeding with Plaintiff. This suit was commenced approximately eights months after Defendant was dissolved by Delaware. (March 1, 1987–October 27, 1987). Plaintiff attempts to draw a distinction between a dissolved Delaware corporation's capacity to sue and be sued under Section 278 and a dissolved Delaware corporation's Delaware citizenship for diversity purposes. In drawing this distinction, Plain-

tiff focuses our attention on the portion of Section 278 which states that although the dissolved corporation continues as a body corporate for the limited purposes listed in Section 278 it does not continue as a body corporate "for the purpose of continuing the business for which the corporation was organized." 8 Del.Code Ann., § 278. Plaintiff asserts that because a dissolved corporation can only perform these limited acts under Delaware law, it is not a citizen of Delaware.

Dissolved Delaware corporations, however, have been found to be citizens of Delaware for diversity purposes. *See Ross v. Venezuelan–American Independent Oil Producers Ass'n, Inc.*, 230 F.Supp. 701 (D.Del.1964) and *Products Engineering v. OKC Corporation*, 590 F.Supp. 547, 551 (E.D.La.1984) (*Ross* cited), *rev'd on other grounds sub nom., Lone Star Industries, Inc. v. Redwine*, 757 F.2d 1544 (5th Cir. 1985). Despite the fact that these cases were diversity cases, addressed the diversity issue and found that a dissolved corporation retained its Delaware citizenship for the three year wind-up period allowed by Delaware law in Section 278, Plaintiff claims that these "cases were in realty *capacity* cases, not *citizenship* cases (despite the conclusory language that was used)." Plaintiff's Supplemental Memorandum at 5. In other words, Plaintiff contends that these cases are just plain wrong. At issue in this case is whether the language in Section 278 which states that a dissolved Delaware corporation such as Defendant Arbox continues to be a body corporate for purposes of suits such as this one means that Defendant also continued to be a citizen of Delaware. We think this is the plain import of this language and also comports with existing case authority.[1]

### CONCLUSION

Because we find that both Plaintiff and Defendant are citizens of Delaware, we dismiss this diversity suit for lack of sub-

ject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).

---

**1.** Defendant, Arbox, also makes arguments based on Section 312(e) of Delaware Corporation Law which allows revival of a certificate of incorporation of a dissolved corporation. Hav-

ing disposed of the diversity issue on the basis of Section 278 and case law thereunder, we do not address this point.