**Keith YOUNT and Cindy Yount, Plaintiffs,**

v.

**Lisa SHASHEK, Cassens Auto Group, LLC, Cassens & Sons, Inc., Cassens Corporation, Cottrell, Inc., Bankhead Transportation Equipment Company, Bankhead Enterprises, Inc., Jeff Cassens, Allen Cassens, Allen Cassens Trust, Albert Cassens Trust, Albert Cassens, A.C. Leasing Company, KSC Leasing, LLC, Jeff Cassens Leasing, Inc., FTL, Inc., Marysville Releasing, Inc., Cassens Transport Company, Dwight Kay, Mark Shashek, and Unknown Defendants, Defendants.**

**No. CIV. 06–753–GPM.**

United States District Court, S.D. Illinois.

Dec. 7, 2006.

**1056**

Thomas G. Maag, Wendler Law P.C., Edwardsville, IL, for Plaintiffs.

Benjamin W. Powell, Burroughs, Hepler et al., Edwardsville, IL, Daniel J. Carpenter,Bryan Cave, St. Louis, MO, for Defendants.

## MEMORANDUM AND ORDER

MURPHY, Chief Judge.

This matter is before the Court on the motion for remand brought by Plaintiffs Keith Yount and Cindy Yount (Doc. 7). For the following reasons, the motion is **GRANTED.**

### INTRODUCTION

Mr. and Mrs. Yount bring this action in connection with an accident that occurred in Fenton, Missouri, on March 11, 2004, in which Mr. Yount, an employee of Cassens Transport, Inc., suffered injuries to his left elbow and arm while operating a chain and ratchet system on an automobile transport trailer. Defendant Cottrell, Inc. ("Cottrell"), which is the manufacturer of the trailer that allegedly injured Mr. Yount and against which Mr. and Mrs. Younts' operative complaint asserts claims for relief based upon strict products liability, negligence, and loss of consortium, has removed this case from the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, to this Court in federal diversity jurisdiction. Cottrell asserts that all of its co-Defendants, namely, Lisa Shashek, Cassens Auto Group, LLC, Cassens & Sons, Inc., Cassens Corporation, Bankhead Transportation Equipment Company, Bankhead Enterprises, Inc., Jeff Cassens, Allen Cassens, the Allen Cassens Trust, the Albert Cassens Trust, Albert Cassens, A.C. Leasing Company, KSC Leasing, LLC, Jeff Cassens Leasing, Inc., FTL, Inc., Marysville Releasing, Inc., Cassens Transport Company, Dwight Kay, and Mark Shashek, have been fraudulently joined to defeat diversity jurisdiction. The Younts have moved for remand of this case to state court on the basis of procedural defects in removal. The motion for remand has been fully briefed, and the Court now is prepared to rule.

## DISCUSSION

### A. Legal Standard

Removal based on diversity requires that the parties be of diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and that the amount in controversy exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332; *Id.* § 1441. *See also Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1017 (7th Cir.2004); *Cassens v. Cassens*, 430 F.Supp.2d 830, 832–33 (S.D.Ill.2006); *Littleton v. Shelter Ins. Co.*, No. 99–912–GPM, 2000 WL 356408, at * 1 (S.D.Ill. Mar.9, 2000).[1] The party seeking removal has the burden of establishing federal jurisdiction. *See Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir.1993). "Courts should interpret the removal statute narrowly and presume that the plaintiff may

---

1. In evaluating complete diversity of citizenship in cases removed from state court to federal court, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). Therefore, the fact that the Younts' operative complaint joins "Unknown Defendants" is not an obstacle to removal in diversity. The Court notes certain defects in Cottrell's pleading of jurisdictional facts in its notice of removal. First, with respect to the Allen Cassens Trust and the Albert Cassens Trust, Cottrell alleges that the trusts are "citizen[s] of Illinois, incorporated under the laws of the State of Illinois and having [their] principal place[s] of business in Illinois." Doc. 2 ¶ 25, ¶ 26. A trust is not treated as a corporation for diversity purposes, and instead the citizenship of a trust is the citizenship of its trustee or trustees, unless the law under which the trust is organized permits the trust to sue and be sued in its own name, in which case the citizenship of the trust for diversity purposes is that of its beneficiaries. *See Allegis Group, Inc. Contractors Health Plan Trust v. Conn. Gen. Life Ins. Co.*, No. 04–16, 2004 WL 1289862, at **2–4 & n. 3 (D.Md. June 10, 2004). Second, Cottrell's notice of removal contains no jurisdictional allegations with respect to the citizenship of Albert Cassens and Mark Shashek for purposes of federal diversity jurisdiction. Third, Cottrell's notice of removal alleges "upon information and belief" that the principal place of business of Marysville Releasing, Inc., is Illinois. Doc. 2 ¶ 32. Allegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir.1992); *Mifflin v. Clark*, Civil No. 04–4092–GPM, 2006 WL 1380017, at * 1 (S.D.Ill. May 15, 2006); *In re Sage Enters., Inc.*, No. 04 B 05548, 04 A 03014, 2006 WL 1722582, at * 7 (Bankr.N.D.Ill. Apr.28, 2006); *Alsup v. 3–Day Blinds*, No. Civ. 05–287–GPM, 2005 WL 2094745, at * 3 (S.D.Ill. Aug.25, 2005). Finally, Cottrell's notice of removal appears to assume that the citizenship of Bankhead Transportation Equipment Company and Bankhead Enterprises, Inc., both of which are alleged to be dissolved corporations organized under the law of Georgia and having their principal places of business there, is Georgia. *See* Doc. 2 ¶¶ 34–35. This assumption is correct if Georgia law provides that a dissolved corporation remains subject to legal proceedings in its corporate name. *See Muro v. Abel Freight Lines, Inc.*, No. 91 C 6893, 1992 WL 67816, at * 1 (N.D.Ill. Mar.26 1992); *Illinois Cent. Gulf R.R. Co. v. Arbox Three Corp.*, 700 F.Supp. 389, 390–91 (N.D.Ill.1988). *Cf. Ripalda v. American Operations Corp.*, 977 F.2d 1464, 1468–69 (D.C.Cir.1992); *Storr Office Supply Div., Div. of Storr Office Env'ts, Inc. v. Radar Bus. Sys.-Raleigh, Inc.*, 832 F.Supp. 154, 157 (E.D.N.C.1993); *Bazak Int'l Corp. v. William Wedeen & Co.*, 496 F.Supp. 847, 848–49 (S.D.N.Y.1980). If not, however, the citizenship of the dissolved corporations that are Defendants in this case is the citizenship of their respective corporate trustees. *See American Nat'l Bank of Jacksonville v. Jennings Dev., Inc.*, 432 F.Supp. 151, 152 (M.D.Fla. 1977). Ordinarily the Court would require Cottrell to file an amended notice of removal or to take other steps to clarify these jurisdictional questions. *See, e.g., Lyerla v. Amco Ins. Co.*, No. CIV. 06–679–GPM, 2006 WL 3360505 (S.D.Ill. Sept.27, 2006); *LaRoe v. Cassens & Sons, Inc.*, No. 06–713 GPM, 2006 WL 3366447 (S.D.Ill. Sept.20, 2006). However, because for the reasons discussed infra, the Court concludes that this case is due to be remanded, the Court will not require Cottrell to correct its defective allegations of subject matter jurisdiction.

choose his or her forum." *Id.* Put another way, there is a strong presumption in favor of remand. *See Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976). *See also Littleton*, 2000 WL 356408, at * 1 ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand."). *Cf. McNichols v. Johnson & Johnson*, No. CIV. 06–160–GPM, 2006 WL 3360542, at * 1 (S.D.Ill. Apr.19, 2006) (quoting *Market St. Assocs. Ltd. P'ship v. Frey*, 941 F.2d 588, 590 (7th Cir.1991)) ("Because a federal court's jurisdiction is limited, it has a 'nondelegable duty to police the limits of federal jurisdiction with meticulous care.' ").

### B. Defects in Removal Procedure

#### 1. Forum Defendant Rule

■ The first ground for remand asserted by the Younts is the so-called "forum defendant" rule which holds of course that an action may not be removed to a federal court in a state of which a properly joined and served defendant is a citizen. *See* 28 U.S.C. § 1441(b) (providing that a case in which the asserted basis for federal subject matter jurisdiction is diversity "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); *LaMotte v. Roundy's, Inc.*, 27 F.3d 314, 315 (7th Cir.1994) (quoting 28 U.S.C. § 1441(b)) ("[C]ases not involving federal questions are 'removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.' "); *Holmstrom v. Harad*, No. 05 C 2714, 2005 WL 1950672, at * 1 (N.D.Ill. Aug.11, 2005) (under the forum defendant rule, a plaintiff may "keep a case in state court if any

defendant is a citizen of the State in which the action is filed."); *Allstate Life Ins. Co. v. Hanson*, 200 F.Supp.2d 1012, 1014–15 (E.D.Wis.2002) (because the basis for subject matter jurisdiction was 28 U.S.C. § 1335, not 28 U.S.C. § 1331, removal to federal court in Wisconsin was improper where a defendant properly joined and served at the time of removal was a citizen of Wisconsin).

A violation of the forum defendant rule is a procedural defect in removal, not a jurisdictional defect, *see Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 378–79 (7th Cir.2000); *Schillinger v. 360Networks USA, Inc.*, Civil No. 06–138–GPM, 2006 WL 1388876, at * 6 n. 6 (S.D.Ill. May 18, 2006), and therefore it may be waived if an objection is not raised within thirty days of the date a case is removed. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."); *Bova v. U.S. Bank, N.A.*, 446 F.Supp.2d 926, 932 (S.D.Ill.2006) (an objection to removal based on untimeliness, which is a procedural defect in removal, was waived where it was raised for the first time in a reply brief filed more than thirty days after the date of removal); *Fields v. Jay Henges Enters., Inc.*, Civil No. 06–323–GPM, 2006 WL 1875457, at * 2 (S.D.Ill. June 30, 2006) (citing *In re Continental Cas. Co.*, 29 F.3d 292, 293–95 (7th Cir. 1994)) ("[A] procedural defect in removal . . . is waived unless raised by a plaintiff within thirty days of the date of removal."). In this instance it is undisputed that at least two Defendants, Jeff Cassens and Cassens Corporation, are Illinois citizens who were properly joined and served when this action was removed, and the Younts have raised a timely objection to removal based on the forum defendant rule.[2]

---

**2.** It appears from the record that Defendants Cassens and Sons, Inc., an Illinois citizen, was properly joined and served at the time of removal. However, it also appears that Cassens & Sons, Inc., was dismissed from this

Therefore, this case is due to be remanded to state court.

There is of course an exception to the forum defendant rule where a forum defendant has been fraudulently joined to defeat diversity jurisdiction. In evaluating diversity of citizenship a court must disregard a defendant that has been fraudulently joined. *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir.1999); *Smith v. Shipping Utils., Inc.*, No. Civ. 05–500–GPM, 2005 WL 3133494, at * 1 (S.D.Ill. Nov.23, 2005). A defendant is fraudulently joined when "there is no possibility that a plaintiff can state a cause of action against [the] nondiverse defendant[ ] in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Rutherford v. Merck & Co.*, 428 F.Supp.2d 842, 846 (S.D.Ill.2006) (quoting *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir.1993)). "[W]here a resident defendant has been fraudulently joined, the forum defendant rule is irrelevant." *Bova*, 446 F.Supp.2d at 931 (in a lawsuit brought by mortgagors against a mortgage company and a law firm that had represented the mortgage company in a foreclosure proceeding against the mortgagors, the forum defendant rule did not bar removal where the in-state law firm was alleged to have been fraudulently joined to defeat diversity jurisdiction). *Cf. Wesenberg v. Zimmerman*, No. Civ. 02527PAMRLE, 2002 WL 1398539, at * 3 (D.Minn. June. 24, 2002) ("Because the Court finds that the Minnesota Defendants in this case were fraudulently joined, as opposed to being 'properly joined,' the limitation of § 1441(b) [on removal in cases involving forum defendants] does not apply."); *Merriweather v. Braun*, 792 F.Supp. 659, 661 (E.D.Mo. 1992) ("Although a federal district court

has original jurisdiction over any civil action between citizens of different states wherein the amount in controversy exceeds [$75,000] exclusive of interest and costs, such an action is not removable if any properly joined defendant is a citizen of the state in which the action is brought .... If, however, the Court concludes from the face of the state court petition that the plaintiff has no cause of action against the resident defendant, removal is permitted.").

In this case the exception to the forum defendant rule for fraudulently joined Defendants has no relevance. It is undisputed that the Younts are Ohio citizens and that Defendants Jeff Cassens and Cassens Corporation are Illinois citizens. Fraudulent joinder is of course a device to defeat diversity jurisdiction. *See generally* 14 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3641 (3d ed. 1998 & Supp. 2006) (collecting cases). "To show fraudulent joinder, defendants must show a flaw specific to the joinder of [a] *non-diverse* party," *Brooks v. Merck & Co.*, 443 F.Supp.2d 994, 1004 (S.D.Ill.2006) (quoting *Intershoe, Inc. v. Filanto S.P.A.*, 97 F.Supp.2d 471, 475 (S.D.N.Y.2000)) (emphasis added), and allegations that diverse defendants have been fraudulently joined amount merely to a contention that "the plaintiff's case [is] ill-founded as to all the defendants." *Simmons v. Norfolk S. Ry. Co.*, 324 F.Supp.2d 914, 917 (S.D.Ill.2004) (quoting *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 153, 34 S.Ct. 278, 58 L.Ed. 544 (1914)). As this Court has held on a number of occasions, there is no such thing as fraudulent joinder of a diverse defendant. *See Hardaway v. Merck & Co.*, Civil No. 06–465–GPM, 2006 WL 2349965, at **1–2 (S.D.Ill. Aug.11, 2006)

action on summary judgment in state court before removal, and therefore the Court disregards the citizenship of this Defendant for purposes of the forum defendant rule.

(rejecting allegations that a diversity-defeating defendant had been fraudulently joined because liability against that defendant was barred under Illinois law by the learned intermediary doctrine, as such allegations were tantamount to a claim that a diverse co-defendant, who was also entitled to claim the protection of the doctrine, was fraudulently joined); *Bova*, 446 F.Supp.2d at 932–41 (rejecting allegations of fraudulent joinder on grounds that were equally dispositive of the liability of both a diverse defendant and a non-diverse defendant); *Brooks*, 443 F.Supp.2d at 998–1006 (same); *Hauck v. ConocoPhillips Co.*, Civil No. 06–135–GPM, 2006 WL 1596826, at * 9 (S.D.Ill. June 6, 2006) (quoting *In re New England Mut. Life Ins. Co. Sales Practices Litig.*, 324 F.Supp.2d 288, 306 (D.Mass.2004)) ("[F]raudulent joinder does not exist when an argument offered to prove fraudulent joinder of non-diverse defendants simultaneously shows that no case can be made against the diverse defendants."); *Klohr v. Martin & Bayley, Inc.*, Civil No. 05–456–GPM, 2006 WL 1207141, at * 3 (S.D.Ill. May 4, 2006) ("[T]he Court [cannot] find fraudulent joinder on the basis of a defense equally applicable as between [a diverse defendant] and [a non-diverse defendant]."). *Cf. Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574–75 (5th Cir.2004).[3] Jeff Cassens and Cassens Corporation, as Illinois citizens who are of completely diverse citizenship from the Younts, have not been fraudulently joined to defeat diversity jurisdiction. Because those Defendants were properly joined and served when this action was removed, the removal of this case is procedurally defective. The Younts having raised a timely objection to removal based on the forum defendant rule, this action must be remanded to state court.

### 2. Consent to Removal

■ In order to remove a case from state court to federal court, all defendants must either join in the removal or otherwise consent to removal. *See* 28 U.S.C. § 1441(a); *P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547–48 (7th Cir.1968); *Schillinger*, 2006 WL 1388876, at * 6; *Fellhauer v. City of Geneva*, 673 F.Supp. 1445, 1447 (N.D.Ill.1987). If not all defendants have consented, the defendant seeking removal must explain the absence of the co-defendants in the notice of removal, and the failure to set out such an explanation renders the notice facially defective. *See Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir.1993) (citing *Northern Ill. Gas Co. v. Airco Indus. Gases, Div. of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir.1982)) ("A petition [for removal] is considered defec-

---

**3.** Because the Court cannot find fraudulent joinder on grounds that can be asserted by diverse and non-diverse defendants alike, were there a need for the Court to address the issue of fraudulent joinder as to, for example, the Defendants in this case whose citizenship for diversity purposes is not clear on the face of Cottrell's notice of removal, *e.g.*, the Allen Cassens Trust, the Albert Cassens Trust, Albert Cassens, Mark Shashek, Marysville Releasing, Inc., Bankhead Transportation Equipment Company, and Bankhead Enterprises, Inc., the Court likely would find that there has been no fraudulent joinder. The basis for Cottrell's removal of this case is simply that, as the manufacturer of the trailer alleged to have caused Mr. Yount's injury, it is the only proper Defendant in this case, at least with respect to any products liability claims asserted herein. *See* 735 ILCS 5/2–621 (providing for dismissal from products liability actions of all defendants who are not the manufacturer of an allegedly defective product). Assuming that Illinois law governs this case, rather than the law of Missouri where the accident giving rise to this case occurred, *see* Restatement (Second) of Conflict of Laws §§ 145–146 (1971), the asserted basis for fraudulent joinder clearly implicates the liability of all of the non-manufacturer Defendants in this case, diverse and non-diverse alike.

tive if it fails to explain why the other defendants have not consented to removal."); *In re Bridgestone/Firestone, Inc. Prods. Liab. Litig.*, 204 F.Supp.2d 1149, 1152 (S.D.Ind.2002) (noting that "[i]n the Seventh Circuit, ... a notice of removal need not declare that every defendant actually consents to removal," and holding that because removing defendants properly explained in their notice of removal why a co-defendant had not joined in the removal, the notice of removal was facially sufficient). A removing defendant may explain such absence of consent by showing that a non-consenting co-defendant was not served at the time of removal, that the co-defendant was fraudulently joined, or that the co-defendant is a nominal party. *See Thomas v. Klinkhamer*, No. 00 C 2654, 2000 WL 967984, at * 3 (N.D.Ill. July 10, 2000) (citing *Shaw*, 994 F.2d at 369); *Gallagher v. Max Madsen Mitsubishi*, No. 90 C 0508, 1990 WL 129611, at * 7 (N.D.Ill. Aug.27, 1990); *Hess v. Great Atl. & Pac. Tea Co.*, 520 F.Supp. 373, 375–76 (N.D.Ill. 1981).

In this case, Cottrell's notice of removal asserts that the consent of Cottrell's co-Defendants to removal is not required because all of the company's co-Defendants have been fraudulently joined to defeat diversity jurisdiction. In fact, with the exception of seven Defendants whose citizenship for diversity purposes is not clear from the face of the notice of removal (the Allen Cassens Trust, the Albert Cassens Trust, Albert Cassens, Mark Shashek, Marysville Releasing, Inc., Bankhead Transportation Equipment Company, and Bankhead Enterprises, Inc.), it is apparent that complete diversity of citizenship exists as between the Younts and Cottrell's other eleven named co-Defendants. It is undis-

puted that the Younts are Ohio citizens, while Defendants Lisa Shashek, Cassens Corporation, Jeff Cassens, Allen Cassens, A.C. Leasing Company, Jeff Cassens Leasing, Inc., FTL, Inc., Cassens Transport Company, and Dwight Kay are Illinois citizens, Defendant Cassens Auto Group, LLC, is an Indiana citizen, and Defendant KSC Leasing, LLC, is a Montana citizen.[4] As has been discussed in the preceding section of this Order, it is a legal impossibility for diverse defendants to be fraudulently joined to defeat diversity jurisdiction. The Court views Cottrell's absurd allegations of fraudulent joinder as tantamount to a failure to explain why eleven of Cottrell's co-Defendants have not consented to removal.

Although it is possible that Cottrell intended to characterize its co-Defendants as "nominal" parties rather than fraudulently joined ones—and at this juncture, as discussed, the Court is required to construe doubts against removal—it is clear that Cottrell's co-Defendants are not merely nominal. In *SEC v. Cherif*, 933 F.2d 403 (7th Cir.1991), the court explained, "A 'nominal defendant' is a person who can be joined to aid the recovery of relief without an assertion of subject matter jurisdiction only because he has no ownership interest in the property which is the subject of litigation." *Id.* at 414. "A nominal defendant holds the subject matter of the litigation 'in a subordinate or possessory capacity as to which there is no dispute.' Because the nominal defendant is a 'trustee, agent, or depositary,' who has possession of the funds which are the subject of litigation, he must often be joined purely as a means of facilitating collection." *Id.* (quoting *Colman v. Shimer*, 163

**4.** As discussed, Defendant Cassens & Sons, Inc., appears to have been dismissed from this action in state court before removal, and therefore the Court does not consider the citizenship of that Defendant for diversity purposes, just as the Court does not consider the citizenship of the "Unknown Defendants" joined in the Younts' operative complaint.

F.Supp. 347, 351 (W.D.Mich.1958)). *See also Jennings v. Hill,* No. 05 C 0974, 2005 WL 1041327, at * 2 (N.D.Ill. May 3, 2005) (quoting *Ampere Auto. Corp. v. Fullen,* No. 01–C–6818, 2001 WL 1268554, at *3 (N.D.Ill. Oct.17, 2001)) ("Nominal parties have no interest in the subject matter litigated .... A nominal party's presence in a suit is merely incidental, and 'it is of no moment whether the one or the other side in [the] controversy succeeds.'"); *Lehr v. McCord,* No. 1:02–CV–1636–LJM–WTL, 2003 WL 21147365, at *3 (S.D.Ind. Mar.11, 2003) ("[A] nominal defendant has no interest in the property that is the subject matter of the litigation."); *American Country Ins. Co. v. Turner Constr. Co.,* No. 01 C 9561, 2002 WL 507128, at *3 (N.D.Ill. Apr.3, 2002) (a party is "nominal" if "his relation to the present suit [is] incidental [and] it is not of concern to him whether one party or the other succeeds[.]"); *Alberto–Culver Co. v. Sunstar, Inc.,* No. 01 C 5825, 2001 WL 1249055, at *2 (N.D.Ill. Oct.17, 2001) ("Nominal parties are mere stakeholders or depositories of the subject matter in dispute and have no interest in the result of the litigation."); *Thomas,* 2000 WL 967984, at *3 ("[A] defendant is nominal when it is disinterested in the suit, and is named only in a subordinate or possessory capacity."); *Amgen Inc. v. Ortho Pharm. Corp.,* No. 95 C 6310, 1997 WL 232755, at *4 (N.D.Ill. May 2, 1997) (quoting *Cherif,* 933 F.2d at 414) ("A nominal party is a person who can be joined to aid the recovery of relief but has 'no interest in the subject matter litigated.'"); *Security Ctr., Inc. v. American Tel. & Tel. Co.,* No. 94 C 6707, 1995 WL 307267, at *3 (N.D.Ill. May 16, 1995) ("A nominal party is not concerned about which side of the controversy succeeds, ...; rather, its role is limited to turning over the property in its possession to the prevailing party pursuant to a final judgment order."); *Selfix, Inc. v. Bisk,* 867 F.Supp. 1333, 1335 (N.D.Ill.1994) ("A nom-

inal defendant is not a real party in interest because it has no interest in the subject matter litigated."). It is plain from the allegations of the Younts' complaint that none of the Defendants in this case is nominal.

A failure to consent to removal is a procedural defect in removal and is waived unless an objection is raised within thirty days of the date of removal. *See, e.g., Shaw,* 994 F.2d at 368–69 (a defendant's failure to consent to removal was not grounds for remand where the failure to consent was raised for the first time on appeal and permitting untimely consent to removal would not prejudice any of the parties to the action); *Michaels v. New Jersey,* 955 F.Supp. 315, 321–22 (D.N.J. 1996) (failure to consent to removal is a procedural defect in removal that can be waived; thus, amendment of a notice of removal will be allowed to cure the defect when parties have failed to make a timely objection thereto). In this case, the Younts have raised a timely objection to the facial defect in Cottrell's notice of removal, and therefore this action must be remanded to state court. *See P.P. Farmers' Elevator Co.,* 395 F.2d at 548 (remand was required because the removal petition failed to allege that other defendant had not been served in state court: "Although this action was removable, the procedure used to effect removal was defective and plaintiff did not waive the defect."); *Production Stamping Corp. v. Maryland Cas. Co.,* 829 F.Supp. 1074, 1076 (E.D.Wis.1993) (the statutory requirement that the desire of all defendants to join in a removal petition be expressed to the court within thirty days after receipt by a defendant of a copy of an initial pleading containing a removable claim is not jurisdictional and may be waived; however, "the time limitation is mandatory and must be strictly construed."); *Ryals v. Marco Island Partners,* 685 F.Supp. 683, 686 (N.D.Ill.1988)

(removal was improvident where the removal petition failed to explain why fewer than all defendants sought removal); *Fellhauer*, 673 F.Supp. at 1449–50 (a removing defendant's failure to obtain the consent of all defendants to removal was a substantive defect in removal to which a timely objection was raised, requiring remand); *Hardesty v. General Foods Corp.*, 608 F.Supp. 992, 993 (N.D.Ill.1985) (where, on the last day permitted for removal, only two of four co-defendants filed a petition for removal, and there was no affirmative explanation as to the absence of the other co-defendants in the petition, the removal petition was defective and the case required remand). *Cf. Macri v. M & M Contractors, Inc.*, 897 F.Supp. 381, 384 (N.D.Ind.1995) ("The plaintiff has a right to remand if the defendant did not take the right steps when removing ... and ... a removed matter must be remanded if there are any defects in the removal procedure."); *Ortiz v. General Motors Acceptance Corp.*, 583 F.Supp. 526, 529 (N.D.Ill. 1984) ("A defendant seeking removal must strictly comply with all the statutory requirements, and where there is doubt as to whether the requirements have been satisfied, the case should be remanded.") (citation omitted).

## 3. Timeliness of Removal

◼ Finally, the Younts challenge the timeliness of the removal of this case. A defendant seeking to remove a case in diversity jurisdiction must file a notice of removal within thirty days after service of the complaint. *See* 28 U.S.C. § 1446(b). If, however, a case is not removable at the outset, a notice of removal may be filed within thirty days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* Cottrell contends that this case was removed in a timely manner because Cott-

rell removed the case within thirty days of receipt of an order in state court dismissing Defendant Cassens & Sons, Inc., on summary judgment; alternatively, Cottrell contends that removal is timely because the case was removed within thirty days from the date Cottrell received a copy of an answer in which Defendant Jeff Cassens denied liability to the Younts.

Although a few courts have taken the view that removals based on alleged fraudulent joinder are not subject to the thirty-day time limitation on removal set out in 28 U.S.C. § 1446(b), *see, e.g., Armond v. Shoney's, Inc.*, No. 91–0895, 1991 WL 162120, at **6–7 (E.D.La. Aug.9, 1991) (holding that a removal notice must be filed within a "reasonable" time after fraudulent joinder becomes evident), this Circuit holds, as does the weight of authority, that the thirty-day time period applies to all removals, including those in which fraudulent joinder to defeat diversity jurisdiction is claimed. *See, e.g., Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 n. 4 (7th Cir.1992) (holding that failure to remove within thirty days after receiving a state-court complaint from which the removing defendant could have discerned fraudulent joinder of a non-diverse party rendered removal untimely). *See also Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993) (a foreign corporation filed a timely notice of removal within thirty days from the date it first discovered the removability of an action by reason of the fraudulent joinder of certain non-diverse co-defendants, though it filed the notice more than thirty days from the date the complaint was served); *Deming v. Nationwide Mut. Ins. Co.*, No. Civ.A. 3:03CV1225(CFD), 2004 WL 332741, at *5 (D.Conn. Feb. 14, 2004) (holding that removal was untimely where the removing defendant could have ascertained from the face of a complaint that certain non-diverse co-defendants were fraudulently

joined, but did not seek removal based on fraudulent joinder until after the state court granted a motion to strike the plaintiff's allegations against the diversity-defeating co-defendants); *Simpson v. Union Pac. R.R. Co.*, 282 F.Supp.2d 1151, 1157–58 (N.D.Cal.2003) (the defendant railroad was required to file a notice of removal within thirty days of receiving the complaint in a wrongful death action arising after a student was hit by a train while riding his bicycle to school, rather than within thirty days of dismissal of a co-defendant school district from the action, even though the school district had refused to consent to removal, where removability of the action based on fraudulent joinder of the school district was ascertainable, if at all, upon service of the complaint); *Clingan v. Celtic Life Ins. Co.*, 244 F.Supp.2d 1298, 1308 (M.D.Ala.2003) (remanding on grounds of untimely removal, after concluding that the removing defendant could have ascertained within thirty days of receipt of the complaint that it had valid arguments for fraudulent joinder with respect to all claims asserted against a non-diverse co-defendant, and need not have awaited deposition transcripts before seeking removal based on fraudulent joinder); *Naef v. Masonite Corp.*, 923 F.Supp. 1504, 1513 (S.D.Ala.1996) (holding that a notice of removal based on fraudulent joinder was "procedurally defective because it was filed more than thirty days after Defendants could have intelligently ascertained that the action was removable."); *Guerrero v. General Motors Corp.*, 892 F.Supp. 165, 169–70 (S.D.Tex.1995) (remanding a case where the removing defendants had all of the information needed to remove the case based on fraudulent joinder on the date they were served with the plaintiff's complaint, but filed the notice of removal more than thirty days later); *Delatte v. Zurich Ins. Co.*, 683 F.Supp. 1062, 1064 (M.D.La.1988) (holding that removal based on fraudulent joinder was not timely where it occurred more than thirty days after the removing defendants learned of facts showing that a non-diverse co-defendant was fraudulently joined); *Skidmore v. Beech Aircraft Corp.*, 672 F.Supp. 923, 925 (M.D.La.1987) (requiring that a defendant's petition for removal based on fraudulent joinder be brought within thirty days of learning of the fraudulent joinder); 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3732 (noting that "federal district courts have required that the notice of removal be filed within thirty days of receiving information indicating that there has been a fraudulent joinder.") (collecting cases). The view that the thirty-day time limit for removal set out in section 1446(b) applies to all removals, including those based on alleged fraudulent joinder to defeat diversity, is consistent of course with the "policy and purpose of Congress" in enacting the time limit, namely, to encourage defendants "to effect removals as early as possible and avoid unnecessary delay." *Buller Trucking Co. v. Owner Operator Indep. Driver Risk Retention Group*, No. 05–CV–00165–MJR, 2006 WL 3359739, at *10 (S.D.Ill. Nov.3, 2006) (quoting *Gilardi v. Atchison, Topeka & Santa Fe Ry. Co.*, 189 F.Supp. 82, 85 (N.D.Ill.1960)).

In this case, as discussed, the basis for Cottrell's notice of removal is that, as the manufacturer of the trailer alleged to have caused injury to Mr. Yount, it is the only proper Defendant in this case. These alleged grounds for removal doubtless were apparent to Cottrell upon service of the Younts' operative complaint in this case; indeed, they were apparent upon service of the Younts' preceding complaint, which first joined Cottrell as a party Defendant. Under Illinois law, all entities in the chain of distribution of an allegedly defective product are subject to strict liability in tort. *See Hammond v. North Am. Asbestos Corp.*, 97 Ill.2d 195, 73 Ill.Dec. 350, 454

N.E.2d 210, 216–17 (1983). Pursuant to 735 ILCS 5/2–621, there is a "seller's exception" in products liability actions whereby any non-manufacturing defendant who has not contributed to the alleged defect is entitled automatically to dismissal from a products liability action:

> Product liability actions. (a) In any product liability action based in whole or in part on the doctrine of strict liability in tort commenced or maintained against a defendant or defendants other than the manufacturer, that party shall upon answering or otherwise pleading file an affidavit certifying the correct identity of the manufacturer of the product allegedly causing injury, death or damage. The commencement of a product liability action based in whole or in part on the doctrine of strict liability in tort claim against such defendant or defendants shall toll the applicable statute of limitation and statute of repose relative to the defendant or defendants for purposes of asserting a strict liability in tort cause of action.
>
> (b) Once the plaintiff has filed a complaint against the manufacturer or manufacturers, and the manufacturer or manufacturers have or are required to have answered or otherwise pleaded, the court shall order the dismissal of a strict liability in tort claim against the certifying defendant or defendants, provided the certifying defendant or defendants are not within the categories set forth in subsection (c) of this Section. Due diligence shall be exercised by the certifying defendant or defendants in providing the plaintiff with the correct identity of the manufacturer or manufacturers, and due diligence shall be exercised by the plaintiff in filing an action and obtaining jurisdiction over the manufacturer or manufacturers.
>
> \* \* \* \* \* \*
>
> (c) A court shall not enter a dismissal order relative to any certifying defendant or defendants other than the manufacturer even though full compliance with subsection (a) of this Section has been made where the plaintiff can show one or more of the following:
>
> (1) That the defendant has exercised some significant control over the design or manufacture of the product, or has provided instructions or warnings to the manufacturer relative to the alleged defect in the product which caused the injury, death or damage; or
>
> (2) That the defendant had actual knowledge of the defect in the product which caused the injury, death or damage; or
>
> (3) That the defendant created the defect in the product which caused the injury, death or damage.

735 ILCS 5/2–621(a)–(c).[5] *See also Cherry v. Siemans Med. Sys., Inc.,* 206 Ill.App.3d 1055, 151 Ill.Dec. 944, 565 N.E.2d 215, 218–19 (1990).

---

**5.** The Illinois Civil Justice Reform Amendments of 1995 amended 735 ILCS 5/2–621, but were held unconstitutional in their entirety by the Supreme Court of Illinois. *See Best v. Taylor Mach. Works,* 179 Ill.2d 367, 228 Ill.Dec. 636, 689 N.E.2d 1057, 1100–04 (1997). "The effect of enacting an unconstitutional act is to leave the law in force as it was before the enactment of the unconstitutional act." *Hurst v. Capital Cities Media, Inc.,* 323 Ill.App.3d 812, 257 Ill.Dec. 771, 754 N.E.2d 429, 438 (2001). Therefore, the version of section 2–621 that was in effect before the 1995 amendments is applicable to this case. *See id.* As noted supra at footnote 3, the Court assumes for purposes of resolving the Younts' request for remand that this case is controlled by Illinois law, not Missouri law, although even were the Court to apply Missouri law the outcome would be the same. *See* Mo.Rev.Stat. § 537.762 (providing for automatic dismissal from a products liability action of all defendants other than the manufacturer of a product alleged to be defective and unreasonably dangerous).

As the Court already has discussed, none of Cottrell's diverse co-Defendants in this case have been fraudulently joined to defeat diversity. To the extent there is any question about the citizenship of the Allen Cassens Trust, the Albert Cassens Trust, Albert Cassens, Mark Shashek, Marysville Releasing, Inc., Bankhead Transportation Equipment Company, and Bankhead Enterprises, Inc., for diversity purposes, it would have been apparent to Cottrell upon service of the Younts' operative complaint that those Defendants were due to be dismissed from the case under the "seller's exception" to 735 ILCS 5/2–621, at least with respect to the Younts' products liability claims. *See Caterpillar, Inc. v. Usinor Industeel,* 393 F.Supp.2d 659, 684–85 (N.D.Ill.2005) (holding that section 2–621 does not apply to claims for breach of warranty); *Link v. Venture Stores, Inc.,* 286 Ill.App.3d 977, 222 Ill.Dec. 283, 677 N.E.2d 486, 488 (1997) (section 2–621 does not apply to claims for negligence). The allegations of the operative complaint, which assert that as a result of his injury Mr. Yount has suffered permanent and disabling injuries and pain and suffering, and that he has incurred and will continue to incur significant medical expenses and loss of income, were sufficient to put Cottrell on notice that an amount in excess of $75,000, exclusive of interest and costs, is in controversy in this case. *See Andrews v. E.I. Du Pont De Nemours & Co.,* 447 F.3d 510, 514–15 (7th Cir.2006) (addressing sua sponte on appeal the issue of subject matter jurisdiction in a case removed in diversity, and holding that jurisdiction was proper where the plaintiff's complaint sought damages "in excess of $50,000" and alleged "severe and permanent" injuries, and where discussion between the parties' counsel led the removing defendant to believe the plaintiff's medical and rehabilitation expenses alone would exceed $75,000, and the plaintiff did not challenge the removing defendant's estimate of his potential damage); *Rising–Moore v. Red Roof Inns, Inc.,* 435 F.3d 813, 815 (7th Cir.2006) (in a removed case arising from a slip-and-fall incident at a motel, holding that the amount in controversy was satisfied where the plaintiff's medical expenses and lost earnings amounted to $45,000, so that "[a] modest allowance for pain, suffering, and future losses (either income foregone or medical expenses incurred) brings the total over the threshold."); *Fields,* 2006 WL 1875457, at *5 (allegations of "chronic, severe skin disease, pain and suffering, and past and future medical expenses and lost earnings" were sufficient to put removing defendants on notice that the jurisdictional amount in controversy was satisfied, so that removal more than thirty days after service of the complaint was untimely). Because Cottrell failed to remove this case within thirty days from the date of service of the Younts' complaint, the removal is untimely.[6]

### Conclusion

The motion for remand brought by Plaintiffs Keith Yount and Cindy Yount

---

**6.** Because the Court finds that this case was removable at the time Cottrell was served with the Younts' operative complaint, this case does not implicate the so-called "voluntary-involuntary" rule, whereby only a voluntary action by the Younts, not the involuntary dismissal of Cassens & Sons, Inc., from this case, can make the case removable. *See Taylor v. Hayes,* Civ. A. No. 90–980, 1990 WL 192486, at *3 (E.D.La. Nov.26, 1990) (where an action "was removable at its inception," then "the voluntary-involuntary rule ... does not apply[.]") (emphasis omitted). Also, because this case is due to be remanded for procedural defects in removal to which timely objections have been raised, as discussed supra in footnote 3, the Court does not reach the issue of whether any of the Defendants in this case have been fraudulently joined to defeat diversity jurisdiction.

(Doc. 7) is **GRANTED.** This action is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, pursuant to 28 U.S.C. § 1447(c) by reason of procedural defects in removal. The Younts' request for an award of just costs and actual expenses, including attorney fees, pursuant to 28 U.S.C. § 1447(c) is **DENIED.** The Clerk of Court is **DIRECTED** to mail a certified copy of this Order to the clerk of the state court and to close the file in this case.

**IT IS SO ORDERED.**